**FILED**

**JAN 2 5 2010**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Theodore Shove *et al.*,                    )
                                            )
                    Plaintiffs,             )
                                            )
        v.                                  )        Civil Action No.  09-2316
                                            )
                                            )
United States                               )
District Court Judges *et al.*,             )
                                            )
                    Defendants.             )


MEMORANDUM OPINION

This matter is before the Court on review of plaintiffs' *pro se* complaint and application

to proceed *in forma pauperis*.  The applications will be granted and the case will be dismissed

pursuant to 28 U.S.C. § 1915A.  Under that statute, the Court is required to screen a prisoner's

complaint and dismiss it if, among other grounds, the complaint fails to state a claim upon which

relief can be granted.

Plaintiffs are nine prisoners on death row at San Quentin State Prison in California.  They

sue United States district judges in the Central, Eastern, Northern and Southern Districts of

California, President Barack Obama, Attorney General Eric Holder, Homeland Security Secretary

Janet Napolitano, numerous United States senators and congressmen and a host of California

defendants--including their capital defense counsel--for monetary damages and equitable relief.

The 35-page complaint is difficult to decipher but it appears that plaintiffs are claiming that

defendants engaged in a vast conspiracy to violate their rights during their criminal prosecutions.

(N)

14

Despite the histrionics[1], the complaint, supported by more than 300 pages of attachments, is in effect a challenge to the plaintiffs' death sentences.

Because plaintiffs' success on the merits of the complaint would necessarily invalidate their convictions, they cannot recover monetary damages without first establishing that their convictions have been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiffs have not made such a showing here. In addition, "it is well-settled that a [person] seeking relief from his conviction or sentence may not bring [] an action" for injunctive and declaratory relief because he has an available remedy in habeas. *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 808-10 (D.C. Cir. 1988)); *see LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (district court lacked subject matter jurisdiction over a declaratory judgment action where *habeas corpus* remedy was available in the location of plaintiff's custodian). Accordingly, the complaint will be dismissed. A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: January 20, 2010

---

[1] As part of their jurisdictional statement, plaintiffs state that they are asserting their claims under "Title 18 U.S.C. § 2331(5) [because] Domestic Terrorism, Treasonous Acts of Terrorism against Our Country are clearly being perpetrated for great financial and political gains for everyone involved." Compl. ¶ 2. In addition, their most incredible claims seek to hold the defendants liable under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961 *et seq.*